### ELLA R. TENNEY ET AL. V. CINCINNATI.

1. RULE AS TO RECOVERY FOR PROPERTY TAKEN FOR STREET.

Damages for property taken for street purposes should be recovered in condemnation proceedings and be awarded with reference to the establishment of a reasonable grade. Hence, the fact that the court erred in the proceedings to condemn will not allow the circuit court upon error to another action to right a serious wrong to the parties, especially when the grade has been established for more than fifty years and is a reasonable one.

2. RULE AS TO RECOVERY FOR WIDENING STREET.

Where property is condemned for the purpose of widening a street having an established grade, the damage awarded should, in the absence of a showing that some other grade is contemplated, cover the injury which would be caused by the improvement of the strip to the grade corresponding to the grade of the street as already established.

HEARD ON ERROR.

Coppock & Hertenstein, Theodore Horstman, Julius G. Penn and Richard F. Werner, for the property owners.

Ellis G. Kinkead, H. K. Rogers and Frank H. Kunkel, for city.

SWING, J.

We are of the opinion that the judgment of the court of common pleas should be affirmed in this case.

The parties should have recovered in the original condemnation proceedings all damages for property taken for street purposes which would be caused by the construction on the property taken of a street to a reasonable grade, in the absence of any declaration by the city as to what the grade should be. And in the present case the property having been condemned for the purpose of widening a street with a well established grade, the damage for the construction of the improvement would, in the absence of a showing to the contrary, be that which would be caused by the construction of a grade corresponding to the grade of the street as established.

In this case the improvement is to be made in accordance with the grade of the street as established for more than fifty years and it is a reasonable grade; and the damage, if any, which results to the property owner should have been recovered in the action to condemn for street purposes. That the court in that action erred in not allowing it does not authorize us in this action to right what is undoubtedly quite a serious wrong to these parties. Error should have been prosecuted in that proceeding and not in this.